[Cite as *Rorick v. State Med. Bd. of Ohio*, 2016-Ohio-7070.]

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Marvin H. Rorick, M.D., | : | |
| Appellant-Appellant, | : | No. 16AP-103 |
| v. | : | (C.P.C. No. 15CVF-09-8243) |
| State Medical Board of Ohio, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

### D E C I S I O N

#### Rendered on September 29, 2016

**On brief:** *Dinsmore & Shohl, LLP, Eric J. Plinke* and *Daniel S. Zinsmaster,* for appellant. **Argued:** *Daniel S. Zinsmaster.*

**On brief:** *Michael DeWine,* Attorney General, *Kyle C. Wilcox* and *Melinda Snyder,* for appellee. **Argued:** *Katherine Bockbrader.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Marvin H. Rorick, M.D., is appealing from the findings of the State Medical Board of Ohio (the "Board") and the sanctions which resulted from those findings. He assigns five errors for our consideration:

> [I.] The Court of Common Pleas erred in finding that the Board's Order was supported by substantial, probative, and reliable evidence and in accordance with law because the Board relied upon testimony of an expert incapable of expressing opinions regarding the applicable standard of care.
>
> [II.] The Court of Common Pleas erred in finding that the Board's Order was in accordance with law because Dr. Rorick's Due Process rights were violated as a result of the

Board and the State expert's failure to comply with Ohio Adm.Code 4731-13-18(G).

[III.] The Court of Common Pleas erred in finding that the Board's Order was in accordance with law because the Order improperly relied upon OARRS data and reports in violation of R.C. 4729.86(B).

[IV.] Contrary to the wording of the allegation in the Board's Notice of Opportunity for Hearing, the Court of Common Pleas abused its discretion in affirming the Board's erroneous determination that Dr. Rorick failed to try alternative therapies and non-pharmacologic approaches for Patient 3 and Patient 9.

[V.] The Court of Common Pleas erred in finding that the Board's Order was supported by substantial, probative, and reliable evidence and in accordance with law because the Order wrongly concluded the [sic] Dr. Rorick violated R.C. 4731.22(B)(2) by not obtaining a neurosurgical review for Patient 10.

{¶ 2}   Dr. Rorick has a long history of assisting patients in managing their pain. Because of concerns in recent years about physicians generally prescribing medications which can be highly addictive as a part of pain management, the Board has paid special attention to physicians who prescribe pain medication in significant quantities. The pain management practices of Dr. Rorick came under review and a complaint was filed with the Board.

{¶ 3}   Hearings were conducted before a hearing examiner who eventually issued an extensive report which found violations of proper medical practices based upon the handling of 12 specific patients. The hearing examiner recommended that Dr. Rorick be issued a reprimand and serve a probationary period which would include a requirement that he take a course on prescribing practices and which would include a monitoring of his medical practice for a period of time.

{¶ 4}   The hearing examiner's report and recommendation was submitted to the Board for approval. This led to a somewhat heated discussion at the Board's meeting. The meeting resulted in an order with increased sanctions, namely a total suspension from the practice of medicine for 30 days and a probationary term of at least 2 years.

{¶ 5}   Counsel for Dr. Rorick pursued an appeal to the Franklin County Court of Common Pleas, which affirmed the order of the Board. Counsel has now appealed to us, assigning the five errors set forth above.

{¶ 6}   Our standard of review for such cases has been established by the Supreme Court of Ohio in the case of *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619 (1993). We are to reverse the common pleas court only if we find that the common pleas court abused its discretion in finding that the Board had reliable, substantial and probative evidence before it in support of its factual findings.

{¶ 7}   As to legal conclusions reached by the common pleas court, we utilize a de novo review standard.  However, we are directed to give special deference to the Board's interpretation of the medical issues before it due to the expertise of the members of the Board.

{¶ 8}   With that background, we turn to the five assigned errors.

{¶ 9}   In the first assignment of error counsel for Dr. Rorick asserts that the Board was wrong to rely on the testimony of Jay Berke, M.D., a neurologist, who reviewed patient records from Dr. Rorick's medical practice and concluded that 12 patients had not been properly handled.  Dr. Berke testified as to this in the proceedings before the Board.

{¶ 10} We find little merit in the arguments submitted as to this assignment of error. Physicians in general address pain management. Neurologists in particular have to deal with pain management in conducting their medical practice.  Allowing a neurologist to testify about the prescribing of pain medication was utterly reasonable. Some of the patients whose charts were reviewed gave several signs of having become addicted to their pain medication.  Some apparently were selling some of their pain medication.  Dr. Berke clearly had the expertise to testify that Dr. Rorick should have addressed the addiction of those patients who were addicted or seemed to be addicted.

{¶ 11} The first assignment of error is overruled.

{¶ 12} The second assignment of error raises more of a technical point.  Counsel for Dr. Rorick alleges that the Board failed to comply with Ohio Adm.Code 4731-13-18(G), which reads:

> Any exhibit exchanged by the parties which is a patient record
> or which contains information that is required to be kept
> confidential pursuant to any state or federal law may be

> provided only to agents of the parties for purposes of the administrative hearing and shall not be disseminated to any other person or entity.

{¶ 13} Ohio Adm.Code 4731-13-18(G) requires that an expert who is to testify before the Board must submit a written report, to include any expected expert opinions and the foundations for that opinion.

{¶ 14} Counsel for Dr. Rorick acknowledges that Dr. Berke submitted a written report, but argues that the report did not include enough information. For instance, Dr. Berke testified that the overuse of certain pain medication can cause headaches. Prescribing physicians should be aware of this side-effect and monitor the choice of which pain medications to prescribe to specific patients and should also monitor the dosages. Dr. Berke felt that Dr. Rorick was not doing a good job of this with respect to certain ones of the 12 patients whose charts were before the Board. Dr. Rorick's office records did not indicate he saw a problem with the 12 patients and the medications they were consuming.

{¶ 15} The Board, several of who are practicing physicians, felt that Dr. Berke was correct as to all or part of this observation and found accordingly.

{¶ 16} Dr. Berke's written report clearly put Dr. Rorick and his counsel on notice of the central issue, namely Dr. Rorick's prescribing practices. The report did not need to cover all the issues which might have come up had a deposition of Dr. Berke been permitted or permissible.

{¶ 17} We cannot say that the Board misinterpreted Ohio Adm.Code 4731-13-18(G) when it allowed Dr. Berke to testify.

{¶ 18} The second assignment of error is overruled.

{¶ 19} In the third assignment of error, counsel argues that the Board improperly used information from the Ohio Automated Rx Reporting System, commonly referred to as OARRS. Counsel argues that the Board violated R.C. 4729.86(B) and utilized OARRS data in its proceedings.

{¶ 20} R.C. 4729.86(B) reads:

> A person shall not use information obtained pursuant to division (A) of section 4729.80 of the Revised Code as evidence in any civil or administrative proceeding.

{¶ 21} R.C. 4729.86(A)(1) reads:

No person identified in divisions (A)(1) to (13) or (B) of section 4729.80 of the Revised Code shall disseminate any written or electronic information the person receives from the drug database or otherwise provide another person access to the information that the person receives from the database, except as follows:

(a) When necessary in the investigation or prosecution of a possible or alleged criminal offense;

(b) When a person provides the information to the prescriber or pharmacist for whom the person is approved by the board to serve as a delegate of the prescriber or pharmacist for purposes of requesting and receiving information from the drug database under division (A)(5) or (6) of section 4729.80 of the Revised Code;

(c) When a prescriber or pharmacist provides the information to a person who is approved by the board to serve as such a delegate of the prescriber or pharmacist;

(d) When a prescriber or pharmacist includes the information in a medical record, as defined in section 3701.74 of the Revised Code.

{¶ 22} As currently written, OARRS data as to Dr. Rorick was appropriately released to the Board as a group responsible for the licensure and discipline of healthcare professionals. Counsel for Dr. Rorick does not contest that the Board is entitled to have the OARRS data, but argues that the OARRS data was used as evidence in the administration proceedings against Dr. Rorick. Counsel for the Board states that the data was not used to prove any violation.

{¶ 23} Apparently, Dr. Rorick himself obtained the OARRS data and placed it in his patient files. When the patient files were turned over to the Board following a subpoena, the OARRS data went to the Board as part of the patient files.

{¶ 24} Technically, the OARRS data should have been removed from the patient files before the files were submitted as evidence at Dr. Rorick's hearing. Even more technically, Dr. Rorick should not have been permitted to use the OARRS data to defend himself during his testimony at his hearing. This latter technical interpretation raises

huge due process problems by barring a physician from defending himself or herself by showing how rarely they prescribed certain controlled substances.

{¶ 25} We cannot say that the limited use of OARRS data at the proceedings before the Board prejudiced Dr. Rorick; instead, it may have helped him. Therefore, we cannot say the use of the OARRS data constituted prejudicial and reversible error.

{¶ 26} The third assignment of error is overruled.

{¶ 27} The fourth assignment of error alleges that the Board was wrong to determine that Dr. Rorick failed to try alternative therapies and non-pharmacological approaches for 2 of the 12 patients whose charts were before the Board; namely patients labelled "Patient 3" and "Patient 9."

{¶ 28} Patient 3 gave a history of back pain and was prescribed Oxycodone and Hydrocodone. The patient file indicated that the patient was encouraged to engage in a physical fitness program to strengthen her lower back muscles. Physical therapy more extensive than a physical fitness program was not pursued. Epidural blocks were apparently not discussed or considered.

{¶ 29} We view the Board's handling of the situation involving Patient 3 as being appropriate. Placing a patient on highly addictive pain medication before other options are pursued, especially an option that in essence is "get yourself more physically fit and maybe it will help your back pain," could reasonably be interpreted by the Board as a failure to pursue reasonable, non-addictive options.

{¶ 30} The other patient addressed under this assignment of error was labelled "Patient 9." Patient 9 was overweight and suffering from thoracic back pain. Upon examination, Dr. Rorick could find no explanation for her back pain other than her obesity. Rather than giving weight reduction a chance to work or referring her to a nutritionist, he immediately put her on Vicodin, an extremely addictive and potent pain killer. Patient 9 was not really someone who was presented with a medical alternative.

{¶ 31} The fourth assignment of error is overruled.

{¶ 32} The fifth assignment of error centers around the case of the person labelled "Patient 10." Patient 10 complained of back pain which led to her being opioid dependant, or in lay-terms "addicted."

{¶ 33} An MRI had been interpreted as showing a herniated nucleus pulposis, or "ruptured disc." Dr. Rorick interpreted the MRI differently and kept her on the prescriptions to which she had become addicted. Dr. Rorick did not refer her to an orthopedic surgeon for surgery or to a radiologist to get an additional set of MRI studies. We cannot say that the Board made a mistake in disciplining Dr. Rorick for his treating of Patient 10.

{¶ 34} The fifth assignment of error is overruled.

{¶ 35} All five assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas affirming the orders of the Board is affirmed.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.

———————————————